1

2

3

4

5

6

**Jason K. Singleton, State Bar #166170**
jason@singletonlawgroup.com
**Richard E. Grabowski, State Bar #236207**
rgrabowski@mckinleyville.net
**SINGLETON LAW GROUP**
**611 "L" Street, Suite A**
**Eureka, CA 95501**
**(707) 441-1177**
**FAX  441-1533**

**Attorneys for Plaintiff, ASIS Internet Services**

**U. S. DISTRICT COURT - DE**
**MISC. CASE #_____ 1 ᴖ - 1 5 6**

2010 AUG -9  AM 10: 40

FILED
CLERK US DISTRICT COURT
DISTRICT OF DELAWARE

7

8

9

10

11

12

13

14

15

16

17

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation,<br><br>          Plaintiff,<br>vs.<br><br>OPTIN GLOBAL, INC., a Delaware Corporation, also dba Vision Media Limited Corp., USA Lenders Network, USA Lenders, and USA Debt Consolidation Service; et al.,<br><br>          Defendants. | **Misc. Case No:**<br><br>**Case No.  3:05-CV-0512 JCS Northern District of California**<br><br>**MOTION TO QUASH IN PART SUBPOENA FOR NON-PARTY DOCUMENTS** |

-BN

Paid  $5776
Rec

18

19

**TO:   DEFENDANT and JUDGMENT CREDITOR, AZOOGLEADS.COM, Inc., AND ITS ATTORNEYS OF RECORD, KRONENBERGER BURGOYNE:**

20

21

22

23

24

Non-Party Nella White, by counsel and pursuant to *Federal Rule of Civil Procedure* 45(c)(3), files the motion to quash the non-party portions of the subpoena served by Defendant, Azoogleads.com, Inc., on Delaware corporation Chase Bank USA, National Association, c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19601 (hereafter "Chase").

25

26

27

28

1.    The Subpoena issued by Defendant requests in part Third Party Nella White's protected and privileged information from a banking institution as defined in the *Right to Financial Privacy Act* (*RFPA*) encoded in 12 *U.S.C.* § 3401 et seq. Defendant has not named Ms. White in the Subpoena but requests all credit card files for certain

1   personal accounts that belong to Ms. White.  Ms. White is not a party to the captioned

2   action and Defendant has provided no basis for invading her privacy.

3        2.      Ms. White has not been served properly based on the requirements of 12

4   *U.S.C.* §3405(2) that requires either personal service or a copy of the subpoena be

5   mailed to the party's last known address prior to service on the banking institution.

6   Neither of these events has occurred.

7        3.      There is no evidence that Defendant has certified to the bank institution the

8   requirements of the *RFPA* have been met.

## STATEMENT OF FACTS

10      ASIS Internet Services, Inc. (hereafter "ASIS") brought an action in the Northern

11  District of California for violations of the *CAN SPAM Act of 2003*.  The issue was decided

12  at summary judgment in favor of the only remaining Defendant Azoogleads.com, Inc.,

13  who then moved for attorney fees and costs.  Attorney fees and costs were awarded.

14  (See Exhibit A – Judgment).  Defendant has subsequently sent a subpoena to Chase

15  requesting various information concerning the financial transactions of ASIS.  See Exhibit

16  B, Subpoena.

17      Ms. White who is the president of ASIS and an owner of the corporation used her

18  personal credit card to make certain purchases for ASIS, ASIS then reimbursed her for

19  those purchases by directly paying the items on her credit card bill.  See Dec of NW ¶¶1

20  and 2.  Defendant has requested not only the transaction information about those items

21  but all of the files for the associated credit card.  See Subpoena.  Ms. White is not a party

22  to the above action.  No action has been brought to pierce the corporate veil of ASIS to

23  burden the corporate owners.  The credit card information being requested is the

24  personal financial information of Ms. White and has no bearing on this matter.  See Dec

25  of NW ¶¶3 and 4.  Nor has Defendant shown any basis for invading Ms. White's privacy.

26  (See Subpoena).

27      Ms. White has not been served by the Defendant, either by personal service or by

28  a notice sent to her home.  See Dec of NW ¶5.  The first notice she received of this

1   subpoena and the fact that it would require the exposure of her personal financial

2   information was when notice was sent by Chase and received by Ms. White on July 28,

3   2010.  See declaration of Nella White ¶6 and Exhibit 1, letter from Chase.

### Legal Argument

4

5   **1.      The Subpoena improperly requests the personal financial information of a non-party and provides no basis for breaching her financial privacy rights.**

6

7   Defendant has requested Ms. White's protected financial records.   Ms. White

8   contends that this is an invasion of her protected privacy rights.

9           "On timely motion, the court by which a subpoena was issued
10          shall quash or modify the subpoena if it requires disclosure of
            privileged or other protected matter and no exception or
11          waiver applies."  *FRCP* Rule 45(c)(3)(A)(iii).

12   The *Right to Financial Privacy Act* (*RFPA*) encoded in 12 *U.S.C.* §3401, et seq.

13   states that no financial institution may provide to any government authority access to

14   financial records of any customer except in accordance with the *RFPA*.    12 *U.S.C.*

15   §3403(a).

16   Section 3402 states:

17          Except as provided by section 3403(c) or (d), 3413, or 3414 of
            this title, no Government authority may have access to or
18          obtain copies of, or the information contained in the financial
            records of any customer from a financial institution unless the
19          financial records are reasonably described and-
20                  (1) such customer has authorized such disclosure in
                        accordance with section 3404 of this title;
21                  (2) such financial records are disclosed in response to
                        an administrative subpoena or summons which
22                      meets the requirements of section 3405 of this
                        title;
23                  (3) such financial records are disclosed in response to
                        a search warrant which meets the requirements of
24                      section 3406 of this title;
25                  (4) such financial records are disclosed in response to
                        a judicial subpoena which meets the requirements
26                      of section 3407 of this title; or
27                  (5) such financial records are disclosed in response to
                        a formal written request which meets the
28                      requirements of section 3408 of this title.

1   Ms. White has provided no such authorization as required by §3402(1).   A

2   subpoena was issued based on §3405.  See Subpoena.

3   Section 3405 states:

4   A Government authority may obtain financial records under
    section 3402(2) of this title pursuant to an administrative

5   subpoena or summons otherwise authorized by law only if--
    (1) there is reason to believe that the records sought

6       are relevant to a legitimate law enforcement
        inquiry;

7   (2) a copy of the subpoena or summons has been

8       served upon the customer or mailed to his last
        known address on or before the date on which the

9       subpoena or summons was served on the
        financial institution together with the following

10      notice which shall state with reasonable specificity

11      the nature of the law enforcement inquiry:

12      The subpoena served by Defendant requires that the financial institution, Chase,

13  provide "ALL STATEMENTS for ANY CARD associated with ANY of the following Chase

14  ePay ID Numbers for transactions originating from COMMUNITY CREDIT UNION,

15  Account No. 6419:"  See Subpoena Page 3 Para. 4.  Note the capitalization is part of the

16  original subpoena language.  This statement in effect forces Chase to deliver all of Ms.

17  White's credit card records, because there are some transactions with ASIS on her

18  records.   Neither Ms. White nor ASIS have any objection to the bank providing

19  information about those specific transactions.  However, Ms. White objects to the use of

20  this tactic to invade all of her credit card records.   No showing of relevance to the

21  Judgment has been shown by Defendant that would justify piercing Ms. White's personal

22  financial privacy rights.  In fact no basis for relevance has been shown at all.  ASIS is a

23  corporation and as such its owner's or an employee's personal financial records are not

24  subject to disclosure simply because there is a judgment against that corporation.  The

25  courts have regularly ruled that parties may not compel financial institutions to abrogate

26  the protections provided by the *RFPA* using other statutes and methods.  See *Neece v.*

27  *I.R.S. of U.S.*, 922 F.2d 573, 576 (10th Cir. 1990) (wherein the court refused a request to

28  allow the IRS to use sections of the tax code to cause a financial institution to abrogate

1 the rights of a third party).

2     Further before a banking institution can release private financial information the

3 requesting party must "certifies in writing to the financial institution that it has complied

4 with the applicable provisions" of the *RFPA* including notice to the customer of the

5 subpoena and allowing time to respond. 12 *U.S.C.* §3403(b) also see *Anderson v. La*

6 *Junta State Bank*, 115 F.3d 756, 758 (10th Cir. 1997).   No such certification has been

7 provided as to Ms. White.  As Ms. White has not received notice from Defendant, no such

8 certification could be made.  As such the financial institution is barred from revealing her

9 financial records.

10     Defendant is clearly attempting to gain access to a non-parties financial records

11 that it has no rights to under the judgment issued by the Northern District Court.

12 Defendant's subpoena for the financial records are either a pointless fishing expedition,

13 or an effort to harass a nonparty.  Either reason is forbidden under the *Federal Rules of*

14 *Civil Procedure*.  *FRCP* Rule 26(b)(1) and 26(g)(B)&(C).

15     Since Defendant's subpoena does not comply with the requirements of RFPA as

16 to Ms. Whites credit card records, Plaintiff respectfully requests this Court issue an Order

17 quashing Defendant's Subpoena.

18                            **SINGLETON LAW GROUP**

19 Dated:      August 4, 2010

20                            Jason K. Singleton,

21                            Richard E. Grabowski, Attorneys for

22                            Plaintiff, **ASIS INTERNET SERVICES**

23                            and Third Party **NELLA WHITE**

24

25

26

27

28