**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE**

| | |
|---|---|
| **NELLA WHITE,** <br><br> Movant, <br><br> v. <br><br> **AZOOGLEADS.COM, INC.,** a Delaware corporation, <br><br> Respondent. | CIVIL NO. 10-mc-156-SLR <br><br> Case No. 3:05-cv-0512-JCS <br> Northern District of California |

**JUDGMENT CREDITOR AND RESPONDENT AZOOGLEADS.COM, INC.'S
SUBMISSION OF NEWLY DISCOVERED EVIDENCE IN SUPPORT OF
OPPOSITION TO MOTION TO QUASH IN PART SUBPOENA FOR
NON-PARTY DOCUMENTS**

**BACKGROUND**

On May 19, 2010, Judgment Creditor and Respondent AzoogleAds.com, Inc. ("Azoogle") obtained a judgment for $806,974.84 in the United States District Court for the Northern District of California (the "Judgment") against Judgment Debtor ASIS Internet Services ("ASIS") to compensate for ASIS's improper and vexatious litigation practices. ASIS's refusal to pay a cent of the judgment has required Azoogle to conduct extensive post-judgment discovery, which has revealed several improprieties in ASIS's business and accounting practices.

1

As part of that post-judgment discovery, on July 15, 2010, Azoogle issued a subpoena in this District to Chase Bank U.S.A., National Association requesting certain credit card records related to ASIS (the "Chase Subpoena"). (ASIS's Motion to Quash in Part Subpoena for Non-Party Documents [D.I. 1] [hereinafter for citation purposes, "Mot."] Ex. B.) On August 4, 2010, ASIS's principal, Nella White ("Ms. White"), filed a motion to quash the subpoena on the grounds that the Chase Subpoena sought the production of her personal financial information. (Mot. at 3–5; Declaration of Ms. White in Support of Motion to Quash in Part Subpoena for Non-Party Documents ¶4.) Azoogle filed its opposition on August 23, 2010, arguing: (a) that the requested credit card records are relevant and discoverable; (b) that the Right to Financial Privacy Act—relied upon by Ms. White—does not apply to private litigants; and (c) that the Chase Subpoena was served properly and that Ms. White was provided ample notice of it through counsel. (Azoogle's Memorandum of Points and Authorities in Opposition to Motion to Quash in Part Subpoena for Non-Party Documents [D.I. 2] [hereinafter for citation purposes, "Opp."] 4–7.) As of the date of this submission, Nella White has filed no reply papers and the Court has not issued a decision.

Since filing its opposition, Azoogle has discovered new evidence that contradicts Nella White's claims that production pursuant to the Chase Subpoena would violate her personal privacy. (Declaration of Jeffrey M. Rosenfeld in Support of Azoogle's Submission of Newly Discovered Evidence in Support of Opp. ¶2.) ASIS has produced substantial financial documentation in response to Azoogle's post-judgment written discovery. (Id. ¶3.) That documentation includes un-redacted credit card statements for Nella White's personal Chase account, which she submitted to ASIS for reimbursement of business expenses. (Id. ¶4.) However, these statements do not include the transactions identified in the Chase Subpoena. (Id. ¶5.) Both (1) ASIS's production of Nella White's personal credit card statements and (2) the lack of information related to

the Chase Subpoena in those statements provide this Court further reason to deny Ms. White's motion to quash.

## ARGUMENT

Under Local Rule of Civil Practice and Procedure 7.1.2(b), the Court may authorize the filing of additional papers in support of a party's position with respect to a particular motion. Further, a party has a duty to bring any newly discovered evidence to the Court's attention. *Cf. Danny Kresky Enterprises Corp. v. Magid*, 716 F.2d 206, 214 (3d Cir. 1983) ("[T]he defect complained of could have been readily corrected had the matter been called to the district court's attention."); *see also Pub. Water Supply Dist. No. 3 of Laclede County v. City of Lebanon*, 605 F.3d 511, 524 (8th Cir. 2010) ("The district courts cannot be expected to consider matters that the parties have not expressly called to their attention.") (citations omitted). Accordingly, Azoogle respectfully asks this Court to permit Azoogle's post-opposition submission of the following facts: (1) that Ms. White has already produced her personal Chase credit card statements through ASIS; and (2) that those statements did not include the transactions referenced in the Chase Subpoena.

This information contradicts Ms. White's argument in support of her motion to quash on two levels. First, Chase's production of any of Ms. White's personal credit card information will not infringe on her privacy because ASIS has already produced Ms. White's personal Chase credit card information. Notably, Ms. White did nothing to personally oppose or prevent ASIS's production of this information even though, as ASIS's principal, she arguably had the ability to do so. By producing un-redacted copies of her personal credit card statements through ASIS, Ms. White waived her privacy interest therein for purposes of this litigation. *See, e.g., Zap v. United States*, 328 U.S. 624, 628 (1946) *vacated*, 330 U.S. 800 (1947) (when a person permits the government to inspect his business accounts and records, he voluntarily waives any claim to privacy he might have had therein); *Poltrock v. NJ Auto. Accounts Mgmt. Co.*,

3

*Inc.*, No. 3:08-CV-1999-FLW, 2008 WL 5416396 (D.N.J. Dec. 22, 2008) ("[E]ven a limited disclosure of private [records] waives a plaintiff's privacy interest entirely.).

Second, the fact that Ms. White's personal Chase credit card statements do not include the transactions referenced in the Chase Subpoena demonstrates that Chase's production of the requested information will not violate Ms. White's privacy. Rather, this fact suggests Ms. White's privacy concerns are nothing but a pretextual attempt by ASIS to prevent disclosure of the subpoenaed information as part of its continuing scheme to frustrate Azoogle's collection efforts.

## CONCLUSION

For the foregoing reasons, Azoogle respectfully asks the Court to permit the submission of this newly discovered evidence. In addition, for all of the reasons set forth above and in Azoogle's previously-filed opposition, Azoogle renews its request for the Court to deny Ms. White's motion to quash the Chase Subpoena.

Dated the 20th of January, 2011.   Respectfully submitted,

By: _____
Jared T. Green (DE#5179)

**SEITZ, VAN OGTROP & GREEN, P.A.**
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

Counsel for Respondent and Judgment Creditor,
AZOOGLEADS.COM, INC.