IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AZOOGLEADS.COM, a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | Misc. No. 10-156-SLR |
| v. | ) ) | |
| NELLA WHITE, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM ORDER

At Wilmington this 14th day of March, 2011, having considered plaintiff's motion to quash in part a subpoena for non-party documents;

IT IS ORDERED that said motion (D.I. 1) is denied, as follows:

1. **Background.** On May 19, 2010, the United States District Court for the Northern District of California entered an $806,978.84 judgment ("the judgment") against ASIS Internet Services ("ASIS") to compensate plaintiff AzoogleAds.com, Inc. for ASIS's vexatious litigation practices. *See ASIS Internet Services v. Optin Global, Inc.*, No. C-05-05124-JCS, 2010 WL 2035327 (N.D. Cal. May 19, 2010). ASIS claimed it could not pay the judgment due to a lack of assets, a result of shutting down business in the preceding months. (D.I. 1)

2. Plaintiff employed various post-judgment enforcement procedures to identify ASIS's assets, including serving discovery requests on ASIS and ASIS's bank. (D.I. 2) The documents produced revealed that defendant Nella White, ASIS's sole principal, engaged in several transactions with ASIS, including a withdrawal the day the judgment

was entered. (*Id.*) The documents produced also showed that ASIS routinely paid the balance of a specific credit card from ASIS's funds. (*Id.*) While ASIS listed the credit card as a liability on its balance sheets, it failed to produce any records identifying what the credit card was used for.[1] (*Id.*)

3. On July 15, 2010, plaintiff served a subpoena in this district on Chase Bank U.S.A., National Association ("Chase Bank"), the issuer of the credit card (hereinafter, the "Chase subpoena"). (*Id.*) Plaintiff sought to determine whether defendant and ASIS had improperly commingled funds, using ASIS's funds to furnish defendant's personal expenses with the credit card. (*Id.*) Such information could prove that defendant was the alter ego of ASIS, and liable for the judgment. (*Id.*) On August 4, 2010, defendant filed a motion to quash in part on the grounds that defendant's personal financial records are protected. (D.I. 1) The case was assigned to this court on August 18, 2010. (*Id.*)

4. After filing its opposition to the motion to quash on August 23, 2010, plaintiff discovered new evidence that contradicted defendant's claims that production pursuant to the subpoena requests would violate her personal privacy. (D.I. 6) ASIS produced financial documentation in response to plaintiff's post-judgment discovery requests, including un-redacted credit card statements for defendant's personal bank account, which she submitted to ASIS for reimbursement of business expenses. (*Id.*)

5. **Legal Standard**. Discovery of a judgment debtor's assets is permissible

---

[1] The documents produced also provided evidence that indicated ASIS failed to observe various corporate formalities, such as notices of board meetings, consents to actions taken, written proxies, and waivers of notices of consent. (D.I. 2) Plaintiff alleges that this evidence demonstrates that ASIS and defendant were commingling assets and not preserving a distinct corporate identity for ASIS. (*Id.*)

under Federal Rule of Civil Procedure 69(a)(2), which states that,

> [i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person - including the judgment debtor - as provided in these rules or by the procedure of the state where the court is located.

FED. R. CIV. P. 69(a)(2). *See also Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 317 (8th Cir. 1993) ("[t]he remedies of a judgment creditor include the ability to question the judgment debtor about the nature and location of assets that might satisfy the judgment."); *Caisson Corp. v. County West Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974) ("[t]he judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor."). However, similar to the other discovery rules, Rule 69(a)(2) is not a blank check, as "the inquiry 'must be kept pertinent to the goal of discovering concealed assets of the judgment debtor and not be allowed to become a means of harassment of the debtor to third persons.'" *Matthias Jans & Assocs. v. Dropic*, No. 01-MC-26, 2001 WL 1661473, at *2 (W.D. Mich. Apr. 9, 2001) (quoting *Caisson*, 62 F.R.D. at 334).

6. Under the Erie Doctrine, federal courts are required to apply the law of the state, whether enacted through its legislature or as decided by its highest courts. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Further, federal courts are "not required to impose [their] own view of what state law should be; [they] are to apply state law as interpreted by the state's highest court." *McKenna v. Pacific Rail*, 32 F.3d 820, 825 (3rd Cir. 1994); *In re Countrywide Financial Corp. Derivative Litig.*, 581 F. Supp. 2d. 650, 653 (D. Del. 2008).

7. **Discussion.** Because the federal district court that entered the judgment and

3

issued the writ of execution is located in California, California law applies to plaintiff's judgment enforcement procedures. Under California judgment enforcement law, plaintiff is permitted to serve broad discovery, including the opportunity to engage in a wide scope of inquires concerning all of the property and business affairs of the judgment debtor. *Lee v. Swansboro County Property Owners Ass'n*, 151 Cal. App. 4th 575, 581 (2007). Such discovery includes the use of document subpoenas to third parties concerning the judgment debtor. *Id.* at 582.

8. Through post-judgment discovery, plaintiff may seek information about whether a third-party functioned as an alter ego of the judgment debtor. When a judgment creditor obtains a judgment against a corporation only to discover later that the corporation has few or no assets and is controlled by a non-party alter ego, the judgment creditor can amend the judgment to add the alter ego as a judgment debtor. *See, e.g., Postal Instant Press, Inc. v. Kaswa Corp.*, 162 Cal. App. 4th 1510, 1517 (2008) (holding that trial courts are authorized by statute to amend a judgment to add judgment debtors); *Hall, Goodhue, Haisley & Barker, Inc. v. Marconi Conf. Ctr. Bd.*, 41 Cal. App. 4th 1551, 1554-55 (1996) ("Judgments may be amended to add additional judgment debtors on the ground that a person or entity is the alter ego of the original judgment debtor."). Since a California court may use "all the means necessary" to effectuate its judgment, amending a judgment against a corporation to add a non-party alter ego as a judgment debtor following discovery is permitted. *Id.* at 1554-55.

9. In the case at bar, plaintiff's discovery request of the credit card statements is relevant given the broad scope of permissible post-judgment discovery. Plaintiff's evidence indicates that defendant and ASIS were commingling funds. Most notable is

that defendant admitted that at least some of the credit card charges were for her own personal purchases, while bank records and balance sheets reveal that ASIS paid the credit card balances from ASIS's bank accounts using ASIS's funds. (D.I. 2) Based on the relationship between defendant and ASIS, the credit card statements requested through discovery are relevant as to whether defendant and ASIS commingled funds.

11. In the alternative, by producing un-redacted copies of her personal credit card statements through ASIS, defendant waived her privacy interest in her personal statements for the purposes of this litigation.[2] *See, e.g., Zap v. United States*, 328 U.S. 624, 628 (1946), *vacated*, 330 U.S. 800 (1947) (when a person permits the government to inspect his business accounts and records, he voluntarily waives any claim to privacy he might have had therein); *Poltrock v. New Jersey Auto. Accounts Mgmt. Co. Inc.*, No. 3:308-CV-1999-FLW, 2008 WL 5416396 (D.N.J. Dec. 22, 2008) ("[E]ven a limited disclosure of private records waives a plaintiff's privacy interest entirely."). As a result, Chase Bank's production of defendant's personal credit card information pursuant to the Chase subpoena does not infringe on plaintiff's privacy because ASIS has already produced defendant's personal credit card statement.[3]

---

[2] Defendant incorrectly contends that she never consented to the release of her personal financial records. (D.I. 1) To the contrary, evidence indicates that defendant failed to personally oppose ASIS's production of this information.

[3] The court rejects defendant's contention that plaintiff is in noncompliance with the Right to Financial Privacy Act, 12 U.S.C. §3401 (the "RFPA"), for attempting to gain access to non-party financial records without the authorization of defendant. (D.I. 1) The RFPA states that "No Government authority may have access to or obtain copies of, or the information contained in the financial records of any customer from a financial institution. . ." The RFPA defines "[g]overnment authority" as "any agency or department of the United States, or any officer, employee, or agent thereof." As a result, the RFPA does not apply to subpoenas served on behalf of private litigants. *See Mead v. City First Bank of D.C., N.A.*, 616 F. Supp. 2d 78, 81 n.2 (D.D.C. 2009)

12. **Conclusion.** For the reasons stated, plaintiff's motion to quash in part a subpoena for non-party documents is denied.

                                                                                                           *[signature]*
United States District Judge

---

("Because RFPA applies only to disclosures made to a government authority, allegations that the defendants made disclosures of his financial records to private parties do not state claims under the RFPA.") Since plaintiff is not a government authority, the RFPA does not govern plaintiff's subpoena of defendant's financial records.